1  NICOLA T. HANNA
   United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   DAVID R. FRIEDMAN (Cal. Bar No. 300737)
4  Assistant United States Attorney
   Appeals Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-7418
7       Facsimile: (213) 894-0141
        E-mail:   David.Friedman@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                    UNITED STATES DISTRICT COURT

11               FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,              No. CR 19-00739-AB

13           Plaintiff,                    PLEA AGREEMENT FOR DEFENDANT
                                           ANGELO MARCELLUS PHOENIX
14               v.

15  ANGELO MARCELLUS PHOENIX,
       aka "Adin Maddox Foray" and
16    "Tory Jonathan Basham,

17           Defendant.

18

19      1.   This constitutes the plea agreement between Angelo

20  Marcellus Phoenix, also known as Adin Maddox Foray and Tory Jonathan

21  Basham ("defendant"), and the United States Attorney's Office for the

22  Central District of California (the "USAO") in the above-captioned

23  case.  This agreement is limited to the USAO and cannot bind any

24  other federal, state, local, or foreign prosecuting, enforcement,

25  administrative, or regulatory authorities.

26                      DEFENDANT'S OBLIGATIONS

27      2.   Defendant agrees to:

28

1        a.   At the earliest opportunity requested by the USAO and

2 provided by the Court, appear and plead guilty to Count Eight of the

3 indictment in <u>United States v. Angelo Marcellus Phoenix</u>, No. CR 19-

4 00739-AB, which charges defendant with Bank Fraud, in violation of 18

5 U.S.C. § 1344(2).

6        b.   Not contest facts agreed to in this agreement.

7        c.   Abide by all agreements regarding sentencing contained

8 in this agreement.

9        d.   Appear for all court appearances, surrender as ordered

10 for service of sentence, obey all conditions of any bond, and obey

11 any other ongoing court order in this matter.

12        e.   Agree that all court appearances, including his change

13 of plea hearing and sentencing hearing, may proceed by video-

14 teleconference ("VTC") or telephone, if VTC is not reasonably

15 available, so long as such appearances are authorized by General

16 Order 20-043 or another order, rule, or statute.  Defendant

17 understands that, under the Constitution, the United States Code, and

18 the Federal Rules of Criminal Procedure (including Rules 11, 32, and

19 43), he may have the right to be physically present at these

20 hearings.  Defendant understands that right and, after consulting

21 with counsel, voluntarily agrees to waive it and to proceed remotely.

22 Defense counsel also joins in this consent, agreement, and waiver.

23 Specifically, this agreement includes, but is not limited to, the

24 following:

25        i.   Defendant consents under Section 15002(b) of the

26 CARES Act to proceed with his change of plea hearing by VTC or

27 telephone, if VTC is not reasonably available;

28

1          ii.  Defendant consents under Section 15002(b) of the

2  CARES Act to proceed with his sentencing hearing by VTC or telephone,

3  if VTC is not reasonably available; and

4          iii. Defendant consents under 18 U.S.C. § 3148 and

5  Section 15002(b) of the CARES Act to proceed with any hearing

6  regarding alleged violations of his conditions of pretrial release by

7  VTC or telephone, if VTC is not reasonably available.

8          f.   Not commit any crime; however, offenses that would be

9  excluded for sentencing purposes under United States Sentencing

10 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

11 within the scope of this agreement.

12         g.   Be truthful at all times with the United States

13 Probation and Pretrial Services Office and the Court.

14         h.   Pay the applicable special assessment at or before the

15 time of sentencing unless defendant has demonstrated a lack of

16 ability to pay such assessment.

17                       THE USAO'S OBLIGATIONS

18    3.   The USAO agrees to:

19         a.   Not contest facts agreed to in this agreement.

20         b.   Abide by all agreements regarding sentencing contained

21 in this agreement.

22         c.   At the time of sentencing, move to dismiss the

23 remaining counts of the indictment as against defendant.  Defendant

24 agrees, however, that at the time of sentencing the Court may

25 consider any dismissed charges in determining the applicable

26 Sentencing Guidelines range, the propriety and extent of any

27 departure from that range, and the sentence to be imposed.

28

3

1         d.   At the time of sentencing, provided that defendant

2 demonstrates an acceptance of responsibility for the offense up to

3 and including the time of sentencing, recommend a two-level reduction

4 in the applicable Sentencing Guidelines offense level, pursuant to

5 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

6 additional one-level reduction if available under that section.

7         e.   Should the Court sentence defendant to a term of

8 imprisonment, recommend that defendant not be required to self-

9 surrender to serve his sentence until on or after September 1, 2020,

10 unless defendant violates the conditions of his bond

NATURE OF THE OFFENSE

12    4.   Defendant understands that for defendant to be guilty of

13 the crime charged in Count Eight, that is, Bank Fraud, in violation

14 of Title 18, United States Code, Section 1344(2), the following must

15 be true:

16         a.   First, defendant knowingly carried out a scheme or

17 plan to obtain money or property from a financial institution by

18 making false statements or promises;

19         b.   Second, defendant knew that the statements or promises

20 were false;

21         c.   Third, the statements or promises were material; that

22 is, they had a natural tendency to influence, or were capable of

23 influencing, a financial institution to part with money or property;

24         d.   Fourth, defendant acted with the intent to defraud;

25 and

26         e.   Fifth, the financial institution was federally

27 insured.

28

1                        PENALTIES AND RESTITUTION

2        5.    Defendant understands that the statutory maximum sentence

3   that the Court can impose for a violation of Title 18, United States

4   Code, Section 1344(2), is: thirty years' imprisonment; a five-year

5   period of supervised release; a fine of $1,000,000 or twice the gross

6   gain or gross loss resulting from the offense, whichever is greatest;

7   and a mandatory special assessment of $100.

8        6.    Defendant understands that defendant will be required to

9   pay full restitution to the victims of the offenses to which

10  defendant is pleading guilty.  Defendant agrees that, in return for

11  the USAO's compliance with its obligations under this agreement, the

12  Court may order restitution to persons other than the victims of the

13  offense to which defendant is pleading guilty and in amounts greater

14  than those alleged in the count to which defendant is pleading

15  guilty.  In particular, defendant agrees that the Court may order

16  restitution to any victim of any of the following for any losses

17  suffered by that victim as a result: (a) any relevant conduct, as

18  defined in U.S.S.G. § 1B1.3, in connection with the offenses to which

19  defendant is pleading guilty; and (b) any counts dismissed pursuant

20  to this agreement as well as all relevant conduct, as defined in

21  U.S.S.G. § 1B1.3, in connection with those counts.  The parties

22  currently believe that the applicable amount of restitution is

23  approximately $147,432.85, but recognize and agree that this amount

24  could change based on facts that come to the attention of the parties

25  prior to sentencing.

26       7.    Defendant agrees that any and all fines and/or restitution

27  ordered by the Court will be due immediately.  The government is not

28  precluded from pursuing, in excess of any payment schedule set by the

1   Court, any and all available remedies by which to satisfy defendant's

2   payment of the full financial obligation, including referral to the

3   Treasury Offset Program.

4        8.   Defendant understands that supervised release is a period

5   of time following imprisonment during which defendant will be subject

6   to various restrictions and requirements.  Defendant understands that

7   if defendant violates one or more of the conditions of any supervised

8   release imposed, defendant may be returned to prison for all or part

9   of the term of supervised release authorized by statute for the

10  offense that resulted in the term of supervised release, which could

11  result in defendant serving a total term of imprisonment greater than

12  the statutory maximum stated above.

13       9.   Defendant understands that, by pleading guilty, defendant

14  may be giving up valuable government benefits and valuable civic

15  rights, such as the right to vote, the right to possess a firearm,

16  the right to hold office, and the right to serve on a jury.

17  Defendant understands that he is pleading guilty to a felony and that

18  it is a federal crime for a convicted felon to possess a firearm or

19  ammunition.  Defendant understands that the conviction in this case

20  may also subject defendant to various other collateral consequences,

21  including but not limited to revocation of probation, parole, or

22  supervised release in another case and suspension or revocation of a

23  professional license.  Defendant understands that unanticipated

24  collateral consequences will not serve as grounds to withdraw

25  defendant's guilty plea.

26       10.  Defendant and his counsel have discussed the fact that, and

27  defendant understands that, if defendant is not a United States

28  citizen, the conviction in this case makes it practically inevitable

1    and a virtual certainty that defendant will be removed or deported

2    from the United States.  Defendant may also be denied United States

3    citizenship and admission to the United States in the future.

4    Defendant understands that while there may be arguments that

5    defendant can raise in immigration proceedings to avoid or delay

6    removal, removal is presumptively mandatory and a virtual certainty

7    in this case.  Defendant further understands that removal and

8    immigration consequences are the subject of a separate proceeding and

9    that no one, including his attorney or the Court, can predict to an

10   absolute certainty the effect of his conviction on his immigration

11   status.  Defendant nevertheless affirms that he wants to plead guilty

12   regardless of any immigration consequences that his plea may entail,

13   even if the consequence is automatic removal from the United States.

14                             FACTUAL BASIS

15        11.  Defendant admits that defendant is, in fact, guilty of the

16   offense to which defendant is agreeing to plead guilty.  Defendant

17   and the USAO agree to the statement of facts provided below and agree

18   that this statement of facts is sufficient to support a plea of

19   guilty to the charge described in this agreement and to establish the

20   Sentencing Guidelines factors set forth in paragraph 13 below but is

21   not meant to be a complete recitation of all facts relevant to the

22   underlying criminal conduct or all facts known to either party that

23   relate to that conduct.

24        Beginning on a date unknown and continuing through on at least

25   on or about November 5, 2019, in Los Angeles County, within the

26   Central District of California, defendant, knowingly and with intent

27   to defraud, executed a scheme to obtain monies, funds, assets, and

28   other property owned by and in the custody and control of U.S. Bank,

                                    7

1   Bank of the West, and several other banks ("the banks"), financial

2   institutions which at all relevant times were insured by the Federal

3   Deposit Insurance Corporation, by means of materially false and

4   fraudulent pretenses, representations, and promises.

5        Specifically, defendant would obtain United States Treasury

6   checks issued to various victims.  Defendant would then open bank

7   accounts in the names of the victims -- without their permission or

8   knowledge -- and deposit the stolen United States Treasury checks

9   into the fraudulently opened bank accounts.  In doing so, defendant

10  falsely represented to the banks that he was authorized to deposit

11  the victims' United States Treasury checks into the fraudulently

12  opened accounts.

13       In addition, defendant would obtain United States Treasury

14  checks issued to various victims and fraudulently alter them to list

15  defendant as the payee.  Defendant would then deposit the stolen

16  United States Treasury checks into bank accounts in his name.  In

17  doing so, defendant falsely represented to the banks that he was

18  entitled to the proceeds of the victims' checks and concealed from

19  the banks that he was not the authorized payee of those checks.

20       Defendant admits that he knowingly and willfully executed the

21  fraudulent scheme by, among other things, making the following

22  fraudulent deposits:

23       • On March 9, 2016, defendant deposited a $6,554 United States

24          Treasury check belonging to victim M.S. into a U.S. Bank

25          account ending in 6612 at a U.S. Bank ATM in Signal Hill,

26          California;

27       • On March 25, 2016, defendant deposited a $3,823.52 United

28          States Treasury check belonging to victim L.C. into a U.S.

Bank account ending in 5444 at a U.S. Bank in Cerritos, California;

- On April 11, 2016, defendant deposited a $3,556 United States Treasury check belonging to victim J.M. into a U.S. Bank account ending in 9465 at a U.S. Bank in Gardena, California;

- On April 11, 2016, defendant deposited a $2,703 United States Treasury check belonging to victim V.R.E. into a U.S. Bank account ending in 0091 at a U.S. Bank in Gardena, California;

- On August 10, 2017, defendant deposited a $3,652 United States Treasury check belonging to victim M.L. into a U.S. Bank account ending in 9055 at a U.S. Bank in Gardena, California;

- On September 28, 2017, defendant deposited a $3,408 United States Treasury check belonging to victim M.C. into a U.S. Bank account ending in 9055 at a U.S. Bank ATM in Paramount, California;

- On March 18, 2019, defendant deposited a $3,630 United States Treasury check belonging to victim D.J. into a Bank of the West account ending in 3002 at a Bank of the West ATM in the City of Industry, California; and

- On April 1, 2019, defendant deposited a $13,629 United States Treasury check belonging to victims P.H. and M.H. into a Bank of the West account ending in 3002 at a Bank of the West ATM in Lakewood, California.

Defendant's bank fraud scheme involved more than 10 different victims because he stole United States Treasury checks from at least thirty six different victims.  The overall scheme had an intended

9

1 loss (that is, the amount of pecuniary harm defendant intended to

2 inflict) of more than $150,000.

3 SENTENCING FACTORS

4     12.  Defendant understands that in determining defendant's

5 sentence the Court is required to calculate the applicable Sentencing

6 Guidelines range and to consider that range, possible departures

7 under the Sentencing Guidelines, and the other sentencing factors set

8 forth in 18 U.S.C. § 3553(a).  Defendant understands that the

9 Sentencing Guidelines are advisory only, that defendant cannot have

10 any expectation of receiving a sentence within the calculated

11 Sentencing Guidelines range, and that after considering the

12 Sentencing Guidelines and the other § 3553(a) factors, the Court will

13 be free to exercise its discretion to impose any sentence it finds

14 appropriate up to the maximum set by statute for the crime of

15 conviction.

16     13.  Defendant and the USAO agree to the following applicable

17 Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss of More Than $150,000: | +10 | U.S.S.G. § 2B1.1(b)(1)(F) |
| Offense Involved 10 or More Victims: | +2 | U.S.S.G. § 2B1.1(b)(2)(A) |
| Variance: | -1 | 18 U.S.C. § 3553(a) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level: | 15 | |

18

19

20

21

22

23

24     14.  The USAO will agree to a two-level downward adjustment for

25 acceptance of responsibility (and, if applicable, move for an

26 additional one-level downward adjustment under U.S.S.G. § 3E1.1(b))

27 only if the conditions set forth in paragraph 3(d)) are met and if

28

1   defendant has not committed, and refrains from committing, acts

2   constituting obstruction of justice within the meaning of U.S.S.G.

3   § 3C1.1, as discussed below.  Subject to paragraph 29 below,

4   defendant and the USAO agree not to seek, argue, or suggest in any

5   way, either orally or in writing, that any other specific offense

6   characteristics, adjustments, or departures relating to the offense

7   level be imposed.  Defendant agrees, however, that if, after signing

8   this agreement but prior to sentencing, defendant were to commit an

9   act, or the USAO were to discover a previously undiscovered act

10  committed by defendant prior to signing this agreement, which act, in

11  the judgment of the USAO, constituted obstruction of justice within

12  the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the

13  enhancement set forth in that section and to argue that defendant is

14  not entitled to a downward adjustment for acceptance of

15  responsibility under U.S.S.G. § 3E1.1.

16      15.   Because the justice system is facing an unprecedented

17  crisis, the parties also agree that the defendant is entitled to a

18  one-level variance pursuant to 18 U.S.C. § 3553(a) and as recognition

19  of defendant's extraordinary acceptance of responsibility and his

20  lessening the burden on the court system by: (1) waiving any right to

21  presence and pleading guilty at the earliest opportunity by VTC (or

22  telephone, if VTC is not reasonably available); (2) waiving any right

23  to presence and agreeing to be sentenced by VTC (or telephone, if VTC

24  is not reasonably available); (3) agreeing to appear at all other

25  times by VTC or telephone; and (4) waiving appellate rights as

26  referenced below.

27      16.   Defendant understands that there is no agreement as to

28  defendant's criminal history or criminal history category.

1      17.   Defendant and the USAO agree that, taking into account the

2   factors listed in 18 U.S.C. § 3553(a)(1)-(7), the relevant Sentencing

3   Guidelines effective on November 1, 2018 represent a reasonable basis

4   for the Court to determine defendant's sentence in this case, and

5   that defendant should be sentenced in accordance with the Sentencing

6   Guidelines.  Therefore, subject to paragraph 29 below, defendant and

7   the USAO agree not to argue, either orally or in writing, that the

8   Court (a) not follow the Sentencing Guidelines in imposing sentence;

9   (b) impose a sentence not in accordance with the Sentencing

10   Guidelines; or (c) impose a term of imprisonment outside the

11   sentencing range for the Total Offense Level stipulated to in

12   paragraph 13 above.

13                    WAIVER OF CONSTITUTIONAL RIGHTS

14      18.   Defendant understands that by pleading guilty, defendant

15   gives up the following rights:

16           a.   The right to persist in a plea of not guilty.

17           b.   The right to a speedy and public trial by jury.

18           c.   The right to be represented by counsel -- and if

19   necessary have the Court appoint counsel -- at trial.  Defendant

20   understands, however, that, defendant retains the right to be

21   represented by counsel -- and if necessary have the Court appoint

22   counsel -- at every other stage of the proceeding.

23           d.   The right to be presumed innocent and to have the

24   burden of proof placed on the government to prove defendant guilty

25   beyond a reasonable doubt.

26           e.   The right to confront and cross-examine witnesses

27   against defendant.

28

1            f.    The right to testify and to present evidence in

2    opposition to the charges, including the right to compel the

3    attendance of witnesses to testify.

4            g.    The right not to be compelled to testify, and, if

5    defendant chose not to testify or present evidence, to have that

6    choice not be used against defendant.

7            h.    Any and all rights to pursue any affirmative defenses,

8    Fourth Amendment or Fifth Amendment claims, and other pretrial

9    motions that have been filed or could be filed.

10   WAIVER OF APPEAL OF CONVICTION

11       19.    Defendant understands that, with the exception of an appeal

12   based on a claim that defendant's guilty plea was involuntary, by

13   pleading guilty defendant is waiving and giving up any right to

14   appeal defendant's conviction on the offense to which defendant is

15   pleading guilty.  Defendant understands that this waiver includes,

16   but is not limited to, arguments that the statute to which defendant

17   is pleading guilty is unconstitutional, and any and all claims that

18   the statement of facts provided herein is insufficient to support

19   defendant's plea of guilty.

20   WAIVER OF APPEAL OF SENTENCE

21       20.    In return for the government's agreement to drop Count Nine

22   of the indictment, which carries a two-year mandatory consecutive

23   sentence, and the other consideration in this agreement, defendant

24   gives up the right to appeal all of the following: (a) the procedures

25   and calculations used to determine and impose any portion of the

26   sentence; (b) the term of imprisonment imposed by the Court, provided

27   it is within the statutory maximum; (c) the fine imposed by the

28   Court, provided it is within the statutory maximum; (d) to the extent

13

1  permitted by law, the constitutionality or legality of defendant's

2  sentence, provided it is within the statutory maximum; (e) the amount

3  and terms of any restitution order, provided it requires payment of

4  no more than $147,432.85; (f) the term of probation or supervised

5  release imposed by the Court, provided it is within the statutory

6  maximum; and (g) any of the following conditions of probation or

7  supervised release imposed by the Court: the conditions set forth in

8  General Order 18-10 of this Court; the drug testing conditions

9  mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and

10 drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

11      21.  Defendant also gives up any right to bring a post-

12 conviction collateral attack on the conviction or sentence, including

13 any order of restitution, except a post-conviction collateral attack

14 based on a claim of ineffective assistance of counsel or an

15 explicitly retroactive change in the applicable Sentencing

16 Guidelines, sentencing statutes, or statutes of conviction.

17 Defendant understands that this waiver includes, but is not limited

18 to, arguments that the statute to which defendant is pleading guilty

19 is unconstitutional, that newly discovered evidence purportedly

20 supports defendant's innocence, and any and all claims that the

21 statement of facts provided herein is insufficient to support

22 defendant's plea of guilty.

23      22.  The USAO agrees that, provided that (a) all portions of the

24 sentence are at or below the statutory maximum specified above, and

25 (b) the Court sentences defendant within the guideline range

26 determined by the total offense level stipulated in paragraph 13

27 above and the criminal history category calculated by the Court, then

28 the USAO gives up its right to appeal any portion of the sentence,

1  with the exception that the USAO reserves the right to appeal the

2  following: the amount of restitution ordered if that amount is less

3  than $147,432.85.

4  RESULT OF WITHDRAWAL OF GUILTY PLEA

5      23.  Defendant agrees that if, after entering a guilty plea

6  pursuant to this agreement, defendant seeks to withdraw and succeeds

7  in withdrawing defendant's guilty plea on any basis other than a

8  claim and finding that entry into this plea agreement was

9  involuntary, then (a) the USAO will be relieved of all of its

10  obligations under this agreement and (b) should the USAO choose to

11  pursue any charge that was either dismissed or not filed as a result

12  of this agreement, then (i) any applicable statute of limitations

13  will be tolled between the date of defendant's signing of this

14  agreement and the filing commencing any such action; and

15  (ii) defendant waives and gives up all defenses based on the statute

16  of limitations, any claim of pre-indictment delay, or any speedy

17  trial claim with respect to any such action, except to the extent

18  that such defenses existed as of the date of defendant's signing this

19  agreement.

20  RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21      24.  Defendant agrees that if the count of conviction is

22  vacated, reversed, or set aside, both the USAO and defendant will be

23  released from all their obligations under this agreement.

24  EFFECTIVE DATE OF AGREEMENT

25      25.  This agreement is effective upon signature and execution of

26  all required certifications by defendant, defendant's counsel, and an

27  Assistant United States Attorney.

28

1                              BREACH OF AGREEMENT

2        26.  Defendant agrees that if defendant, at any time after the

3   signature of this agreement and execution of all required

4   certifications by defendant, defendant's counsel, and an Assistant

5   United States Attorney, knowingly violates or fails to perform any of

6   defendant's obligations under this agreement ("a breach"), the USAO

7   may declare this agreement breached.  All of defendant's obligations

8   are material, a single breach of this agreement is sufficient for the

9   USAO to declare a breach, and defendant shall not be deemed to have

10  cured a breach without the express agreement of the USAO in writing.

11  If the USAO declares this agreement breached, and the Court finds

12  such a breach to have occurred, then: (a) if defendant has previously

13  entered a guilty plea pursuant to this agreement, defendant will not

14  be able to withdraw the guilty plea, and (b) the USAO will be

15  relieved of all its obligations under this agreement.

16       27.  Following the Court's finding of a knowing breach of this

17  agreement by defendant, should the USAO choose to pursue any charge

18  that was either dismissed or not filed as a result of this agreement,

19  then:

20            a.   Defendant agrees that any applicable statute of

21  limitations is tolled between the date of defendant's signing of this

22  agreement and the filing commencing any such action.

23            b.   Defendant waives and gives up all defenses based on

24  the statute of limitations, any claim of pre-indictment delay, or any

25  speedy trial claim with respect to any such action, except to the

26  extent that such defenses existed as of the date of defendant's

27  signing this agreement.

28

1          c.   Defendant agrees that: (i) any statements made by

2    defendant, under oath, at the guilty plea hearing (if such a hearing

3    occurred prior to the breach); (ii) the agreed to factual basis

4    statement in this agreement; and (iii) any evidence derived from such

5    statements, shall be admissible against defendant in any such action

6    against defendant, and defendant waives and gives up any claim under

7    the United States Constitution, any statute, Rule 410 of the Federal

8    Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

9    Procedure, or any other federal rule, that the statements or any

10   evidence derived from the statements should be suppressed or are

11   inadmissible.

12             COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

13                          OFFICE NOT PARTIES

14        28.   Defendant understands that the Court and the United States

15   Probation and Pretrial Services Office are not parties to this

16   agreement and need not accept any of the USAO's sentencing

17   recommendations or the parties' agreements to facts or sentencing

18   factors.

19        29.   Defendant understands that both defendant and the USAO are

20   free to: (a) supplement the facts by supplying relevant information

21   to the United States Probation and Pretrial Services Office and the

22   Court, (b) correct any and all factual misstatements relating to the

23   Court's Sentencing Guidelines calculations and determination of

24   sentence, and (c) argue on appeal and collateral review that the

25   Court's Sentencing Guidelines calculations and the sentence it

26   chooses to impose are not error, although each party agrees to

27   maintain its view that the calculations in paragraph 13 are

28   consistent with the facts of this case.  While this paragraph permits

                                   17

1    both the USAO and defendant to submit full and complete factual

2    information to the United States Probation and Pretrial Services

3    Office and the Court, even if that factual information may be viewed

4    as inconsistent with the facts agreed to in this agreement, this

5    paragraph does not affect defendant's and the USAO's obligations not

6    to contest the facts agreed to in this agreement.

7         30.   Defendant understands that even if the Court ignores any

8    sentencing recommendation, finds facts or reaches conclusions

9    different from those agreed to, and/or imposes any sentence up to the

10   maximum established by statute, defendant cannot, for that reason,

11   withdraw defendant's guilty plea, and defendant will remain bound to

12   fulfill all defendant's obligations under this agreement.  Defendant

13   understands that no one -- not the prosecutor, defendant's attorney,

14   or the Court -- can make a binding prediction or promise regarding

15   the sentence defendant will receive, except that it will be within

16   the statutory maximum.

17                          NO ADDITIONAL AGREEMENTS

18        31.   Defendant understands that, except as set forth herein,

19   there are no promises, understandings, or agreements between the USAO

20   and defendant or defendant's attorney, and that no additional

21   promise, understanding, or agreement may be entered into unless in a

22   writing signed by all parties or on the record in court.

23   //

24   //

25   //

26   //

27   //

28   //

18

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        32.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    NICOLA T. HANNA
     United States Attorney

9

10   _David Friedman_____        5/20/20
     DAVID R. FRIEDMAN                    Date
11   Assistant United States Attorney

12   _____     5/19/20
     ANGELO MARCELLUS PHOENIX            Date
13   Defendant

14   _____     5/20/20
     ELON BERK                           Date
15   Attorney for Defendant ANGELO
     MARCELLUS PHOENIX

16

17                 CERTIFICATION OF DEFENDANT

18       I have read this agreement in its entirety.  I have had enough

19   time to review and consider this agreement, and I have carefully and

20   thoroughly discussed every part of it with my attorney.  I understand

21   the terms of this agreement, and I voluntarily agree to those terms.

22   I have discussed the evidence with my attorney, and my attorney has

23   advised me of my rights, of possible pretrial motions that might be

24   filed, of possible defenses that might be asserted either prior to or

25   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

26   of relevant Sentencing Guidelines provisions, and of the consequences

27   of entering into this agreement.  No promises, inducements, or

28   representations of any kind have been made to me other than those

                              19

contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____    5/19/20
ANGELO MARCELLUS PHOENIX            Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ANGELO MARCELLUS PHOENIX's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____    5/20/20
ELON BERK                          Date
Attorney for Defendant ANGELO
MARCELLUS PHOENIX

20