Dmitry Y. Gurovich, Esq. [SBN 181427]
Elon Berk, Esq. [SBN 209642]
**GUROVICH, BERK & ASSOCIATES, APC**
15250 Ventura Blvd., Suite 1220
Sherman Oaks, California 91403
Tel: (818) 205-1555
Fax: (818) 205-1559
Attorney for Defendant
**ANGELO PHOENIX**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO.: 19-CR-739-AB** |
| Plaintiffs, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| | **Date: June 4, 2021** |
| ANGELO PHOENIX, | |
| | **Time: 1:30PM** |
| Defendant. | |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, through undersigned counsel, hereby files this memorandum in anticipation of his sentencing on June 4, 2021. Pursuant to a Plea Agreement, Defendant pleaded guilty to one count of Bank Fraud, a violation of 18 U.S.C. § 1344(2).  The Defendant and the Government, in the Plea Agreement, the parties stipulate that defendant's total offense level is 15, while the USPO has determined that his criminal history category is II.  The Parties further stipulated that either Party may argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a). The Government recommended

1  that the Court sentence defendant to a term of 21 months'

2  imprisonment, 3 years of supervised release, a $100 special

3  assessment, and otherwise in accord with the recommendations of the

4  USPO.

5      Defendant hereby files the following Sentencing Memorandum

6  setting forth all factors that the Court should consider in

7  determining what type and length of sentence is sufficient, but not

8  greater than necessary, to comply with the statutory directives set

9  forth in 18 U.S.C. § 3553(a).

10                          **FACTUAL BACKGROUND**

11     Defendant's factual background is well summarized in the

12  Presentence Investigation report. It is important to note that

13  Defendant has a very strong relationship with his mother, Mrs.

14  Lorraine Veal. Unfortunately, she has been suffering for POEMS

15  syndrome where, in the past, she has relied on family for support.

16  Today, however, Defendant is her only sources of support in navigating

17  through treatment and flare-ups of her condition.

18     Mr. Phoenix grew up with modest means. Nonetheless, he enrolled

19  in college and completed a fair number of courses. He has yet to

20  complete the necessary course for a college degree. As noted by in

21  the PSR, Mr. Phoenix maintained employment and opened his own business

22  of the past years. This is an adult entertainment on-line streaming

23  business. As noted in the PSR and the accompanying letters from his

24  employees, Mr. Phoenix has developed a successful business that has

25  began to flourish and provide a safe on-line environment for his

26  staff. Throughout his life, Mr. Phoenix avoided engaging in criminal

27  behavior in order to generate income for himself. In this case,

28  however, he strayed form his core beliefs. It is unfortunate that Mr.

---

SENTENCING MEMORANDUM FOR ANGELO PHOENIX

1  Phoenix agreed with others to engage in this present scheme.  As the
2  Government can agree, Mr. Phoenix is not the mastermind nor the
3  beneficiary of much of the financial gain in the scheme as well.  At
4  the relevant time of these offenses, Mr. Phoenix stepped outside of
5  his normal behavior and agreed to participate in a scheme that he did
6  not develop, rather he was used by others.  He has always worked hard
7  to make his own way in life and has built a successful on-line
8  business. Mr. Phoenix has fully accepted responsibility for his
9  actions relating to this case an is extremely remorseful.  He did not
10 waste anytime in explaining his role in the offence to the Government.

11      Mr. Phoenix understands that this Court could sentence him to
12 Federal prison for a significant duration.  He has had limited
13 negative contact with law enforcement and suffered one prior
14 conviction for a reckless driving (involving alcohol) as a
15 misdemeanor. Mr. Phoenix is asking this Court to consider his entire
16 life's work and commitment to his family and community when setting
17 his sentence in the instant matter.

18                              **<u>ANALYSIS</u>**
19

20      Under the factors set forth in 18 U.S.C. §3553(a), Defendant
21 respectfully seeks this Court to set a sentence to the lowest term
22 this Court deems appropriate. As the Supreme Court made clear in <u>Rita</u>
23 <u>v. United States</u>, 127 S.Ct. 2456, 2466 (2007), there is no presumption
24 at the district court level in favor of a Guideline sentence and the
25 district court's focus should not be on imposing a "reasonable"
26 sentence; rather, this court's mandate is to impose "a sentence
27 sufficient, but not greater than necessary," to comply with the basic
28 aims of sentencing. Id. (quoting §3553(a)'s "parsimony provision,"

_____

1   emphasis added). In this case, that analysis strongly supports

2   imposing a sentence significantly lower than the other co-defendants

3   herein.

4       On January 12, 2005, the Supreme Court ruled that its Sixth

5   Amendment holding in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) and

6   <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) applies to the Federal

7   Sentencing Guidelines. <u>United States v. Booker</u>, 125 S. Ct. 738, 756

8   (2005). Given the mandatory nature of the Sentencing Guidelines, the

9   Court found "no relevant distinction between the sentence imposed

10  pursuant to the Washington statutes in Blakely and the sentences

11  imposed pursuant to the Federal Sentencing Guidelines" in the cases

12  before the Court.  Id. at 751.  Accordingly, reaffirming its holding

13  in <u>Apprendi</u>, the Court concluded that:

14      *[a]ny fact (other than a prior conviction) which is necessary to*

15      *support a sentence exceeding the maximum authorized by the facts*

16      *established by a plea of guilty or a jury verdict must be*

17      *admitted by the defendant or proved to a jury beyond a reasonable*

18      *doubt.* <u>Id</u>. at 756.

19

20      Based on this conclusion, the Court further found those

21  provisions of the federal Sentencing Reform Act of 1984 that make the

22  Guidelines mandatory, 18 U.S.C. § 3553(b)(1) or which rely upon the

23  Guidelines mandatory nature, 18 U.S.C. § 3742(e), incompatible with

24  its Sixth Amendment holding.  <u>Booker</u>, 125 S. Ct. at 756.  Accordingly,

25  the Court severed and excised those provisions, "mak[ing] the

26  Guidelines effectively advisory." <u>Id</u>. at 757.

27      Instead of being bound by the Sentencing Guidelines, the

28  Sentencing Reform Act, as revised by <u>Booker</u>, requires a sentencing

---

SENTENCING MEMORANDUM FOR ANGELO PHOENIX

court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a).  <u>Booker</u>, 125 S. Ct. at 757.  Thus, under <u>Booker</u>, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2."  Section 3553(a)(2) states that such purposes are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

1)   "the nature and circumstances of the offense and the history and characteristics of the defendant" § 3553(a)(1);

2)   "the kinds of sentences available" § 3553(a)(3);

3)   "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" § 3553(a)(6); and

4)    "the need to provide restitution to any victims of the offense."  § 3553(a)(7).

Other statutory sections also give the district court direction in sentencing.  Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the §3553(a) factors, the judge is required to "*recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation*" (emphasis added).

Under 18 U.S.C. § 3661, "*no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence*" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth.  See U.S.S.G. § 5H1.  See also <u>United States v. Nellum</u>, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); <u>United States v. Naylor</u>, ___ F. Supp. 2d ___, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline range was

reasonable in part because of defendant's youth when he committed his predicate offenses - he was 17 - and noting that in Roper v. Simmons, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of Booker and § 3553(a) make clear that courts may no longer uncritically apply the guidelines.  Such an approach would be "inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the § 3353(a) factors, many of which the guidelines either reject or ignore." United States v. Ranum, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.).  As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in Booker." United States v. Jaber, __ F. Supp. 2d __, 2005 WL 605787 *4 (D. Mass. March 16, 2005) (Gertner, J.).  See also United States v. Ameline, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), reh'g en banc granted, 401 F.3d 1007 (9th Cir. 2005).

Justice Scalia explains the point well in his dissent from Booker's remedial holding:

> Thus, logic compels the conclusion that the sentencing judge,
> after considering the recited factors (including the guidelines),
> has full discretion, as full as what he possessed before the Act

1   was passed, to sentence anywhere within the statutory range.  If
2   the majority thought otherwise - if it thought the Guidelines not
3   only had to be 'considered' (as the amputated statute requires)
4   but had generally to be followed B its opinion would surely say
5   so.  Booker, 125 S. Ct. at 791 (Scalia, J., dissenting in part).
6   Likewise, if the remedial majority thought the guidelines had to
7   be given "heavy weight," its opinion would have said so.  The
8   remedial majority clearly understood that giving any special
9   weight to the guideline range relative to the other Section
10  3553(a) factors would violate the Sixth Amendment.
11      In sum, in every case, a sentencing court must now consider all
12  of the § 3553(a) factors, not just the guidelines, in determining a
13  sentence that is sufficient but not greater than necessary to meet the
14  goals of sentencing.  And where the guidelines conflict with other
15  sentencing factors set forth in § 3553(a), these statutory sentencing
16  factors should generally trump the guidelines.  See United States v.
17  Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in
18  part, dissenting in part) (arguing that since § 3553(a) requires
19  sentence be no greater than necessary to meet the four purposes of
20  sentencing, imposition of sentence greater than necessary to meet
21  those purposes violates statute and is reversible, even if within
22  guideline range).
23
24                  **Application of the Statutory Sentencing Factors**
25
26      In the present case, the following factors must be considered
27  when determining what type and length of sentence is sufficient, but
28  not greater than necessary, to satisfy the purposes of sentencing:

1

2

### 1.   The Sentencing Range Established by the Sentencing Commission

3

4

5

Defendant and the Government has stipulated to certain sentencing factors as memorialized herein.  In addition, the PSR mirrors the stipulated sentencing factors contain in the Plea Agreement, but for the criminal history category.

6

7

8

9

10

11

12

The Probation officer, however, recommends that Defendant be incarcerated for a period of 24 months.  Defendant asks this Court to go beyond the Probation Officer's recommendation and, consider an alternative to incarceration due to the Defendant's age, lack of prior criminal history, his role in the offnse, and his Mother's dependence for his assistance in her battle with her serious medical condition.

13

14

### 2.   The Nature and Circumstances of the Offense and the History and Characteristics of the Offender

15

16

17

 Mr. Phoenix has taken full responsibility and is remorseful for his role in this crime. He is determined to make the most of his life and better himself so that he can be a productive member of society.

18

19

20

21

22

23

24

25

26

27

28

The nature and circumstances of the offense have been discussed in depth above and in the PSR.  Although the crime is serious with a significant loss, the history and characteristics of the defendant require this Court to consider the exercise of discretion in sentencing Mr. Phoenix below the Guideline sentence.  Attached as Exhibit "B" are letters from Mr. Phoenix employees.  It is clear from a reading of the attached letters that Mr. Phoenix is extremely passionate and takes great pride in his business.  Defendant's impressive past and lack of contact with law enforcement makes it abundantly clear that he strayed from the path he set out for himself. He understands that his actions were wrong, immoral and that he will

have to endure lasting shame in the eyes of his family and community.

### 3.   The Need for the Sentence Imposed To Promote Certain Statutory Objectives

Defendant understands that the sentence imposed by this Court needs to (a) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (b) afford adequate deterrence to criminal conduct; (c) protect the public from further crimes of the defendant, and (d) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

As you deliberate the fate of Mr. Phoenix, please take into account the fact you are judging a man who has performed a lifetime of good work. Someone who has always been willing to give of her time to help friends, employees, and family whenever it was needed.

Mr. Phoenix is ashamed of having to explain his actions to his family and friends. Most significant to Mr. Phoenix is that he has put his mother in a position where he may not be able to provide critiall support to her. He has always taken his responsibility to support his family very seriously, and he fears what will happen to her without his presense to assist her.

Mr. Phoenix is a good person and has proved over the course of his life that he can be a successful and contributing member of his community. He has an excellent chance to emerge from this case and continue to be a productive member of society. See, e.g., United States v. Sayad, 589 F.3d 1110, 1118-1119 (10th Cir. 2009) (finding downward variance reasonable where defendant was "good candidate for rehabilitation" based on defendant's recognition of seriousness of

offense, strong family support, letters from the community, and lack of drug or sociopathic problems).

Mr. Phoenix, respectfully, asks the Court to consider the prior 62  years of his life in determining how she will spend the next few years of his life. He is truly ashamed by he acts and is extremely remorseful.  "But, surely, if ever a man is to receive credit for the good he has done, and his immediate misconduct assessed in the context of his overall life hitherto, it should be at the moment of his sentencing, when his very future hangs in the balance." <u>United States v. Adelson</u>, 441 F.Supp.2d 506, 513 514 (S.D.N.Y. 2006).

In addition the this Court's sentence, Defendant will suffer certain collateral consequences not reflected withing the Guidelines. These consequences are the loss of Mr. Phoenix's business as he is the sole operator of his site which provides his employees a safe environment to ear a living as on-line adult entertainers.  This business has take Mr. Phoenix significant time and energy to build and create a successful brand overcoming technical difficulties and immense competition.  As such, in addition to this Courts sentencing, Mr. Pheonix will need to build a new career and lose all the good will and he generated over the past years.

**4.   The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense, Section 3553(a)(2)(A)**

"There is no reason to believe that respect for the law will increase if a defendant who deserves leniency is sentenced harshly any more than there is reason to believe that respect for the law will increase if a defendant who deserves a harsh punishment receives a

1  slap on the wrist." <u>United States v. Stern</u>, 590 F.Supp.2d 945, 957
2  (N.D. Ohio 2008). The factual basis for Mr Phoenix's offense is set
3  forth in his Plea Agreement. However, a custodial sentence is not
4  necessary in this case to achieve the goals of sentencing. See <u>Gall v.
5  United States</u>, 552 U.S. 38, 48-49 (2007)(noting that while custodial
6  sentences are qualitatively more severe than probationary sentences,
7  offenders on probation are nonetheless subject to substantial
8  restrictions on their liberty, and that probation is not merely
9  letting an offender off easily). Mr. Phoenix has respected the law
10 his entire life and has done far more good than bad during his life.
11 "[A] sentence of imprisonment may work to promote not respect, but
12 derision, of the law if the law is viewed as merely a means to
13 dispense harsh punishment without taking into account the real conduct
14 and circumstances involved in sentencing." <u>Gall</u>, 552 U.S. at 54; see
15 also <u>United States v. Ontiveros</u>, 2008 WL 2937539, at *3 (E.D. Wis.
16 2008)("[A] sentence that is disproportionately long in relation to the
17 offense is unjust and likewise fails to promote respect [for the
18 law].").

19     Mr. Pheonix will be obligated to pay a hefty restitution amount
20 that will put his financial position in jeopardy. See <u>Adelson</u>, 441
21 F.Supp.2d at 514 ("In the case of financial fraud, however, an
22 important kind of retribution may be achieved through the imposition
23 of financial burdens."); see also <u>United States v. Savely</u>, 814 F.Supp.
24 1519, 1523 (D. Kan. 1993) (restitution serves the same traditional
25 purposes of criminal punishment). He has put together a lump sum to
26 begin his obligation of repayment of his restitution.

27     If he were incarcerated, Mr. Phoenix's mother would be
28 devastatedas she heavily relies on him for emotional and physical

---

support.   See <u>United States v. Lupton</u>, 2009 WL 1886007 (E.D. Wis. 2009) (noting that defendant's "family suffered serious financial consequences" and that "separation from defendant's family due to a prison term would certainly affect both" the family and the defendant; "I took these factors into account" in determining an appropriate sentence).   He hurts deeply for the pain and trouble he has caused the victims herein. With all due respect to the Court's sentencing powers, Mr. Phoenix has already felt punishment more severe than she could have imagined when he explained his actions to his family, especially the disappointment of his ailing mother.

### 5.   The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct, Section 3553(a)(2)(B)

As discussed above, Mr. Phoenix has felt severe consequences and will never be the same from this offense. From the perspective of general deterrence to the public at large, a non-custodial sentence, in light of what Mr. Phoenix has already experienced (and the collateral consequences in the future) will not encourage criminal behavior. See Steven N. Durlauf & Daniel S. Nagin, Imprisonment and Crime: Can Both be Reduced?, 10 Criminology & Pub. Pol'y 13, 37 (2011) (deterrence is achieved with certainty of punishment, not its severity); Raymond Pasternoster, How Much Do We Really Know About Criminal Deterrence, 100 J. Crim. L. & Criminology 765, 817 (2010)([I]in virtually every deterrence study to date, the perceived certainty of punishment was more important than the perceived severity).

1        **6.    The Need for the Sentence Imposed to Protect the Public from**
         **Further Crimes of the Defendant, Section 3553(a)(2)(c)**

2

3        Mr. Phoenix's limited criminal history provide the Court with

4   assurance that there is no need to incarcerate him to protect the

5   public.  Additional research performed by the United States Sentencing

6   Commission also shows that those like Mr. Phoenix who have no arrests

7   have an even lower rate of recidivism than those individuals in

8   criminal history category I who have an arrest history and are "the

9   most empirically identifiable group of federal offenders who are least

10  likely to offend."  United States Sentencing Commission, Recidivism

11  and the "First Offender", May 2004 17.

12       Mr. Phoenix is extremely unlikely to commit any other offenses

13  and he has no prior history of violent or disruptive behavior. See

14  Stern, 590 F.Supp.2d at 958 ("While the Court is mindful that those

15  who have engaged in this criminal behavior in the past are always

16  susceptible to it in the future, there are none of the factors present

17  that typically have lead courts to impose longer sentences in order to

18  incapacitate a defendant."); United States v. Smith, 275 Fed.Appx.

19  184, 188 (4th Cir.2008) (per curiam) (finding a below Guidelines

20  sentence appropriate in part because of the defendant's "low risk of

21  recidivism"). The public need not fear Mr. Phoenix. See United States

22  v. Bates, 2009 WL 1011113, 2 (E.D. Wis. 2009)("Given defendant's age,

23  lack of record and otherwise pro-social behavior, I saw no need for

24  prison to protect the public.").  He has been more of an asset to his

25  community than a detriment. To incarcerate Mr. Phoenix would only heap

26  unnecessary expense on the public.

27

28

**7.   The Need for the Sentence Imposed to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner, Section 3553(a)(2)(D)**

Mr. Phoenix understands the value of education and has he has always shown a propensity to better himself. This is not a situation where he would be forced to turn to crime to support himself because he has no marketable skills.  He would not so greatly benefit from programs offered by the Bureau of Prisons so to make prison a more attractive alternative. See <u>United States v. Hawkins</u>, 380 F.Supp.2d 143, 165 (E.D.N.Y. 2005), aff'd, 228 Fed.Appx. 107 (2d Cir. 2007) (concluding that any incarceration "will in effect doom her.... Rehabilitation should not now be destroyed by wanton and unthinking application of mechanical rules for imprisonment.")

**8.   The Kinds of Sentences Available**

In Booker, the Supreme Court severed and excised 18 U.S.C. § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. <u>Booker</u>, 125 S. Ct. at 756.  This renders the sentencing guidelines advisory. Id.

Pursuant to the PSR, Defendant is not eligible for Probation. However, the Court may impose a term of supervised release with a "time served" sentence, should this Cout find it appropriate. In addition to any sentence imposed by this Court, Mr. Phoenix will be forever a convicted felon.  He will endure this collateral consequences for the duration of his life.

Mr. Phoenix requests that this Court consider a sentence of home confinement. In doing so, the sentence would serve to adequately

1 | punish Mr. Phoenix for his behavior and make certain that he will get
2 | back on his feet and continue to assist his mother and contribute to
3 | his community has he has always done in the past.

4

5 |                                **CONCLUSION**

6 |       In light of the foregoing, Mr. Phoenix respectfully submits that
7 | a sentence of home confinement is sufficient, but not greater than
8 | necessary, to comply with the statutory directives set forth in 18
9 | U.S.C. § 3553.

10

11 | Date: June 1, 2021                     Respectfully submitted,

12 |                                        By: /s/ Elon Berk
                                               Elon Berk, Esq,
13 |                                            Attorney for Defendant